**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

IN RE:   Keen, Renee C

Debtor(s)

**CHAPTER 13 PLAN**
**MODIFIED 1/10/2011**
Case No. __10-38885__

### 1. DEBTOR'S PAYMENTS TO TRUSTEE—

a. As of the date of this plan, the debtor has paid the trustee $ 0.00             .

b. After the date of this plan, the debtor will pay the trustee $ 100.00 per month for 60 months beginning within 30 days after the order for relief for a total of $6,000.00

The minimum plan length is  [ ] 36 or  [X]  60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee  $ 0.00.

d. The debtor will pay the trustee a total of $ 6,000.00

### 2. PAYMENTS BY TRUSTEE—
The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 600.00

### 3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]
— The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| [Counter: a.] | | | |
| | | | |
| c. Total | | | $0.00 |

### 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]
— The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| | |

### 5. CLAIMS NOT IN DEFAULT—
Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| a. GMAC MORTGAGE | Mortgage |
| b. TCF BANK | 2ND MORTGAGE |

### 6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]
—The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|
| a. TCF BANK | $1,850.00 | $30.83 | 1 | 60 | $1,849.80 |
| d. TOTAL | | | | | $1,849.80 |

### 7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]
—The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

| Creditor | Amount of Default | Int. rate(if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
| | | | | | | |
| d. TOTAL | | | | | | $0.00 |

### 8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]
—The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under non bankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. + (Adequate Protection from ¶ 3)

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | (Monthly Payment) | X (Number of Payments) | Payments on account of Claim | =TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
| d. TOTAL |  |  |  |  |  |  |  | $0.00 |

**9. PRIORITY CLAIMS** —The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $0.00 | $0.00 | 1 | 12 | $0.00 |
| b. Domestic Support |  |  |  |  |  |
| c. IRS |  |  |  |  |  |
| d. MN Dept. of Rev. |  |  |  |  |  |
|  |  |  |  |  |  |
| f. TOTAL |  |  |  |  | $0.00 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** —In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: .
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | Total Payments |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
| c) TOTAL |  |  |  |  |  | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** —The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of

Approximately $3,550.20   [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)]

a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ 0.00

b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ 84,272.00

c. Total estimated unsecured claims are $84,272.00   [line 11(a) + line 11(b)]

**12. TARDILY-FILED UNSECURED CREDITORS** —All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** — **The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.**

### Payments to Wells Fargo for student loans

This long-term student loan debt will be paid directly by the debtor to Wells Fargo.

The Chapter 13 Trustee shall make no payments on this claim.

### Third Mortgage on Homestead – Affinity Plus Federal Credit Union

Claim by Affinity Plus Federal Credit Union is included in the unsecured non-priority class of claims described in paragraph 11a, supra., notwithstanding the third mortgage in favor of Affinity Plus Federal Credit Union against Debtor's residential real property legally described as Lot 12, Block 2, Ridgewood, Washington County, Minnesota. Original mortgage, dated September 28, 2007, and filed and/or recorded on November 28, 2007 as document # 3671454 at the Office of the County Recorder, Washington County, Minnesota. Confirmation of this plan without objection by Affinity Plus Federal Credit Union, or over the objection of Affinity Plus Federal Credit Union, shall constitute an acknowledgement and acceptance that there is no equity in the Debtor's residential real property, over and above the first and second mortgages in favor of GMAC and TCF, respectively, to which the lien of the third mortgage can attach. The order confirming the plan shall constitute a finding by the bankruptcy court that the claim of Affinity Plus Federal Credit Union is wholly unsecured. Said residential real property shall vest in the debtor free and clear of said third mortgage upon completion of all payments due to the trustee under the plan. Affinity Plus Federal Credit Union shall cancel the third mortgage within 20 days after the trustee's final report to the court showing completion of the plan. If Affinity Plus Federal Credit Union fails to cancel the third mortgage, debtor may obtain an order and judgment voiding the third mortgage.

## Tax Returns and Tax Refunds

The debtor shall provide copies of her federal and state income tax returns to the trustee annually and shall pay the net amount of her combined income tax refunds in excess of $2,000, less any earned income credit, as additional plan payments.

## 14. SUMMARY OF PAYMENTS —

| | |
|---|---:|
| Trustee's Fee [Line 2] | $600.00 |
| Home Mortgage Defaults [Line 6(d)] | $1,849.80 |
| Claims in Default [Line 7(d)] | $0.00 |
| Other Secured Claims [Line 8(d)] | $0.00 |
| Priority Claims [Line 9(f)] | $0.00 |
| Separate Classes [Line 10(c)] | $0.00 |
| Unsecured Creditors [Line 11] | $3,550.20 |
| TOTAL [must equal Line 1(d)] | $6,000.00 |

GRANNIS & HAUGE, P.A.
REBECCA S CHRISTENSEN #0388272
1260 YANKEE DOODLE ROAD
SUITE 200
Saint Paul, MN 55121
651-456-9000

Signed: /s/ Keen, Renee C  *Renee C. Keen*
DEBTOR

Signed: _____
DEBTOR (If joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  RENEE C. KEEN,                      Case No.: 10-38885-GFK

                                                                                 Chapter 13 Bankruptcy

                         Debtor.

**NOTICE OF PRE-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN AND
NOTICE OF CONFIRMATION HEARING**

Notice is hereby given that the Chapter 13 Plan in the above-referenced case has been modified. A Confirmation Hearing will be held on Thursday, February 24, 2011, January commencing at 10:30 a.m. in the United State Bankruptcy Court located at 316 North Robert Street, 2nd Floor, Courtroom 2A, St. Paul, MN 55101.

Dated: January 11, 2011                  GRANNIS & HAUGE, P.A.

                                               /e/Rebecca Christensen
                                               MN# 388272
                                               1260 Yankee Doodle Road, Suite 200
                                               Eagan, MN  55121-2201

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re: RENEE C. KEEN,

Case No.: 10-38885-GFK

Chapter 13 Bankruptcy

Debtor.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF MINNESOTA )
                                )ss.
COUNTY OF DAKOTA )

I, Crystal Deschampe, being duly sworn, on oath state that on January 11, 2011, at Eagan, Minnesota, I mailed a copy of the attached **Modified Chapter 13 Plan** and **Notice of Pre-Confirmation Modification of Chapter 13 Plan and Notice of Confirmation Hearing** to each person or entity named below by mailing a copy in a sealed envelope, postage prepaid, with the U.S. Postal Service as follows:

**NAME/MAILING ADDRESS**

Affinity Plus Federal Credit Union
95 Sherburne Avenue
St. Paul, MN 55103-2120

Capital One
P.O. Box 30281
Salt Lake City, UT 84130-0281

Allied Interstate
P.O. Box 271
Minneapolis, MN 55440-0271

Chase
P.O. Box 15298
Wilmington, DE 19850-5298

Bank of America
P.O. Box 15026
Wilmington, DE 19850-5026

Discover Cards
P.O. Box 15316
Wilmington, DE 19850-5316

Beneficial National Bank
P.O. Box 15518
Wilmington, DE 19850-5518

GMAC Mortgage
P.O. Box 4622
Waterloo, IA 50704-4622

_Crystal D. Deschampe_
Crystal D. Deschampe

Signed and sworn to before me on
January 11, 2011 by Crystal Deschampe

_Karen A Auger_
Notary Public

KAREN A. AUGER
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Keen, Renee C

                                      **Amended 01/10/2011**
                                      **SIGNATURE DECLARATION**

          Debtor(s).

                                        Case No. 10-38885

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
✓ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: January 10, 2011

X /s/ Keen, Renee C *Renee C. Keen*       X _____
Signature of Debtor or Authorized Representative      Signature of Joint Debtor

Keen, Renee C
_____      _____
Printed Name of Debtor or Authorized Representative      Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)